IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| ROBERT ENKEMA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| vs. | ) | CASE NO. 3:15-1167 |
| | ) | JUDGE HAYNES/KNOWLES |
| | ) | |
| FTI CONSULTING, INC., and | ) | |
| FTI LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

This matter is before the Court upon Defendants' "Motion to Compel Mediation and Arbitration and Dismiss the Complaint." Docket No. 18. Defendants have filed a supporting Memorandum of Law. Docket No. 19. Plaintiff has filed a Response in Opposition to the Motion. Docket No. 22. Defendants have filed a Reply to Plaintiff's Response (Docket No. 25), and Plaintiff has filed a Sur-Reply (Docket No. 32). Judge Haynes has referred this matter to the undersigned in part to "determine any pretrial . . . motions . . . ." Docket No. 21.

Plaintiff and Defendants entered into an Employment Agreement on May 31, 2005.[1] In 2015, FTI decided to terminate Plaintiff's employment. Plaintiff contends that, under provisions of the Employment Agreement, he is entitled to "considerable benefits," including continued salary, benefits, and a bonus payment. Plaintiff avers that Defendant has failed to comply with

---

[1] Although there are two Defendants in this action, FTI Consulting, Inc., and FTI LLC, Defendants refer to themselves as "together 'FTI.'" For this reason, the Court will refer to the two Defendants in this action, collectively, as "FTI" or "Defendant."

the provisions of the Employment Agreement and has filed the instant action for breach of contract, tortious interference with prospective business relationships, fraud, and violation of the Employee Retirement Income Security Act ("ERISA").  Docket No. 1.  Plaintiff invokes both the Court's diversity jurisdiction and the Court's federal question jurisdiction.  Plaintiff also seeks a declaratory judgment.  *Id*.  In response to the Complaint, Defendant filed the instant Motion.

Defendant essentially argues that there is a provision of the Employment Agreement requiring that the parties mediate, then arbitrate their disputes.  Docket No. 19, p. 2-3, citing Employment Agreement, Section 24(a) and (b).  There is, however, an exception to this requirement.  Section 24(g) of the Employment Agreement provides in full:

> (g) NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THIS AGREEMENT, IN THE EVENT THE CONTROVERSY, CLAIM, DISPUTE OR DISAGREEMENT ARISES UNDER ANY PROVISION OF SECTION 11, 12 OR 13 OF THIS AGREEMENT, EITHER PARTY SHALL NOT BE REQUIRED TO SUBMIT SUCH MATTER TO ARBITRATION, BUT IN ITS OR THEIR SOLE DISCRETION, MAY BRING LEGAL ACTION IN ANY STATE OR FEDERAL COURT SITUATED IN BALTIMORE, MARYLAND AND EMPLOYEE HEREBY CONSENTS TO THE JURISDICTION OF SUCH COURT AND PERSONAL JURISDICTION THEREIN.  THE PARTIES AGREE TO WAIVE JURY TRIAL IN CONNECTION WITH ANY OF SUCH ACTIONS.

Docket No. 1-2, p. 18 (caps in original).

The parties' briefs spend a great deal of time arguing about whether the controversy, claim, dispute or disagreement arises under any provision of Section 11 of the Agreement.  Plaintiff argues that they do and, therefore, that he is not required to submit those matters to arbitration.  Defendant generally argues that they do not and that Plaintiff is required to submit at least some of the disagreements to arbitration.

Although Defendant's Motion is headed "Motion to Compel Mediation and Arbitration and Dismiss the Complaint," the Motion also seeks an Order transferring this action to the "District of Maryland." Docket No. 18. For reasons that will be discussed in detail below, the Court finds it necessary to address only the transfer issue.

Defendant argues that, to the extent that the Court finds any of Plaintiff's claims arise under Section 11, the Court should transfer this action to federal court in Baltimore, pursuant to Section 24(g). Defendant argues that the "forum-selection clause" in paragraph 24(g) requires that, if Plaintiff does not wish to submit this matter to arbitration, and he clearly does not, he may bring a legal action in a state or federal court but only in Baltimore. Defendant argues, therefore, that this Court should transfer this action to a federal court in Baltimore pursuant to 28 U.S.C. § 1404(a).

Defendant relies heavily upon *Atlantic Marine Construction Co. v. U. S. District Court*, 134 S.Ct. 568, 579 (2013). The *Atlantic Marine* Court extensively discussed forum-selection clauses. The Court first noted that a forum-selection clause may be enforced through a motion to transfer under 28 U.S.C. § 1404(a). That section provides in relevant part:

> (a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action . . . to any district of division to which all parties have consented.

The Court stated:

> Section 1404(a) therefore provides a mechanism for the enforcement of forum-selection clauses that point to a particular federal district . . . . [A] proper application of § 1404(a) requires that a forum-selection clause be "given controlling weight in all but the most exceptional cases."

134 S.Ct. at 579.

The *Atlantic Marine* Court recognized that, when a transfer motion is premised on a forum-selection clause, the usual § 1404(a) analysis must be adjusted. The Court stated:

> When the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause. Only extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied.
>
> . . .
>
> The "enforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system." . . . For that reason, and because the overarching consideration under § 1404(a) is whether transfer would promote "the interest of justice," 'a valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases.'" . . . The presence of a valid forum-selection clause requires district courts to adjust their usual § 1404(a) analysis in three ways.
>
> First, the plaintiff's choice of forum merits no weight.
>
> . . .
>
> Second, a court evaluating a defendant's § 1404(a) motion to transfer on a forum-selection clause should not consider arguments about the parties' private interests.
>
> . . .
>
> Third, when a party bound by a forum-selection clause flouts its contractual obligation and files suit in a different forum, a § 1404(a) transfer of venue will not carry with it the original venue's choice-of-wall rules – a factor that in some circumstances may affect public interest considerations.

The *Atlantic Marine* Court specifically stated:

> When parties have contracted in advance to litigate disputes in a particular forum, courts should not unnecessarily disrupt the parties' settled expectations. A forum-selection clause, after all, may have figured centrally in the parties' negotiations and may have affected how they set monetary and other contractual terms; it may, in fact, have been a critical factor in their agreement to do

>business together in the first place. In all but the most unusual cases, therefore, "the interest of justice" is served by holding parties to their bargain.

*Id*. at 583.

Plaintiff takes the position that he does not have to arbitrate and that if he chooses not to do so, he can file a lawsuit. Plaintiff argues that the Agreement explicitly permits this case to be filed in court, and that Defendants have "misapplied" the forum-selection clause. Plaintiff contends that Section 24(g) provides that a party "may" bring the action in a state or federal court situated in Baltimore. Docket No. 22, p. 12. Plaintiff argues that this is a classic "permissive" forum- selection clause, which does not compel a party to bring a case in a given forum, but merely recognizes that the party *may* bring his or her case in that forum. Docket No. 22, p. 12. Plaintiff argues that the forum-selection clause in *Atlantic Marine* was a "mandatory clause," and that *Atlantic Marine* is inapplicable.

If Plaintiff is correct that Section 26(g) is merely permissive, however, Plaintiff must admit that the language of Section 24(g) allows for the filing of a lawsuit in any district. In fact, Plaintiff concedes this, stating: "The permissive 'forum selection clause' does not preclude a party here from filing this litigation arising under Section 11 of the Agreement in Baltimore, but it also does not prevent a party from filing this litigation in any other appropriate District." Docket No. 22, p. 14. But that is plainly not what the language of Section 24(g) says. Had the parties intended such a result, surely they would not have noted (merely out of the blue), that the party choosing to file in court *could* do so in Baltimore.

Plaintiff is correct that the forum-selection clause in *Atlantic Marine* was a "mandatory clause." But the broad language of the *Atlantic Marine* Court does not indicate that there is any

5

distinction in analysis between a mandatory clause and a permissive clause.  As one Court has stated:

> Defendants have cited no authority showing that this distinction [between a mandatory clause and a permissive clause] is even relevant in this jurisdiction, nor any authority showing that such a distinction would change this Court's analysis of a section 1404 issue.

*United American Healthcare Corp. v. Backs*, 997 F. Supp. 2d 741, 750 (E.D. Mich. 2014).

Moreover, in some respects, the clause at issue in the case at bar can be considered a "mandatory clause."  The language of Section 24(g) is permissive only to the extent that it affords a choice between arbitration or a court in Baltimore.

The Court agrees with Defendant.  The only logical reading of the forum-selection clause is that the parties must either arbitrate, or if one of them chooses not to arbitrate, that party may file suit, but only in Baltimore.  Plaintiff has chosen not to arbitrate; therefore, his only alternative is a legal action in Baltimore.

For the foregoing reasons, the undersigned recommends that the instant Motion (Docket No. 18) be GRANTED IN PART and that this action be transferred to the United States District Court for the District of Maryland in Baltimore.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court.  Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections.  Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this

Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

 

E. Clifton Knowles
United States Magistrate Judge