IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ROBERT ENKEMA | * | |
| | * | |
| v. | * | Civil No. – JFM-16-1048 |
| | * | |
| FTI CONSULTING, INC., ET AL. | * | |

******

## MEMORANDUM

Defendants have filed a motion to compel arbitration and dismiss the complaint and for a stay of discovery. The motion will be treated as one to compel arbitration and, as such, will be granted.

This case arises from a contract dispute between the parties. Plaintiff claims that he was terminated without cause on September 16, 2015. Defendants claim that plaintiff resigned without Good Reason on September 30, 2015. Different consequences, including the responsibility of defendant FTI to continue plaintiff's salary for a year, flowed from resolution of the contract dispute.

Section 24(b) of the Employment Agreement provides that "any controversy, claim, dispute or disagreement arising out of, under, or in connection with this Agreement or Employee's employment relationship with the company . . . shall be settled by binding arbitration." Section 24(g) provides that "Notwithstanding Anything to the Contrary in this Agreement in the event that the controversy, claim, dispute or disagreement arises under any provision of section 11, 12 or 13 of this agreement, either party shall not be required to submit such matter to arbitration, but in its or their sole discretion, may bring legal action in any state or

federal court situated in Baltimore, Maryland." Section 11 relates to restrictive covenance, Section 12 to confidential information, and Section 13 to intellectual property.

Plaintiff contends that under his view of the dispute, his restrictive covenant would end on September 11, 2016, whereas, under defendants' view, his restrictive covenant would end on September 30, 2016. This incidental effect does not mean that the controversy between the parties arises under Section 11. Indeed, plaintiff appears to recognize this is such since he argues that only "several" of his claims – for declaratory judgment, breach of contract, tortious interference, fraud and a violation of ERISA – arise under Section 11. For these reasons, defendants' motion will be treated as one to compel arbitration and, as such, will be granted. A separate order to that effect is being entered herewith.

Date: 7/14/16

J. Frederick Motz
United States District Judge

2